United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

Proposed Plaintiff,

v.

DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT,

Proposed Defendant.

Case No. 26-mc-80337

**ORDER DENYING PERMISSION TO FILE PROPOSED ACTION**

Re: ECF Nos. 1, 2

Sergey Firsov has been declared a vexatious litigant in this forum subject to pre-filing review by the General Duty Judge. Before the Court is a letter from Firsov seeking permission to file another complaint (the "Proposed Action"), against an airline; in this instance the Defendant is Deutsche Lufthansa Aktiengesellschaft ("Lufthansa"). In the Proposed Action Firsov alleges more than $150,000 in damages (including punitive damages) against Defendant because Firsov claims items, including cosmetics, were missing from a bag he checked on his June 13, 2026 flight from Prague to San Francisco.

For the following reasons, the Court DENIES Firsov permission to file the Proposed Action. Pursuant to the pre-filing order, the Clerk of Court shall return the complaint to Firsov without filing it. *See Firsov v. Scandinavian Airlines System Denmark-Norway-Sweden,* No. 25-cv-03691-EMC, ECF No. 113 (the "Pre-Filing Order") at 22. Plaintiff's request for leave to proceed *in forma pauperis* is DENIED as moot.

## I. DISCUSSION

On June 23, 2026, Judge Edward M. Chen declared Firsov a vexatious litigant in this

United States District Court
Northern District of California

District for filing 30 frivolous cases against various airlines "in a little over a year,"[1] his "scorched earth approach" to litigating his cases, and the resulting "unnecessary burden" imposed "on [Judge Chen] and other judges in this District," including the undersigned. *See* Pre-Filing Order at 2–12, 12–16, 19–21. Judge Chen found Firsov an "abusive litigant" who has filed actions that are "harassing and . . . repeatedly taken frivolous positions." *Id.* at 21. Judge Chen ordered pre-filing review if "Firsov wishes to file a pro se complaint or other case-initiating document against an airline." *Id.*

Firsov's allegations and requests for damages in The Proposed Action are again frivolous. His flight from Prague to San Francisco qualifies as an "international carriage" under the Montreal Convention (a treaty to which the United States is a party). While the Montreal Convention provides for "damage sustained in case of destruction or loss of, or of damage to, checked baggage," it limits the "liability of the carrier in the case of destruction, loss, damage or delay is limited to 1,000 Special Drawing Rights" per passenger. *Convention for Int'l Carriage by Air*, S. Treaty Doc. No. 106-45 (May 28, 1999), Art. 17, 22. Special Drawing Rights ("SDR") are "a unit of account defined by the International Monetary Fund," and "1 SDR was valued at US$ 1.33318 on 18 October 2024." *See* International Civil Aviation Organization, "International air travel liability limits set to increase, enhancing customer compensation," (Oct. 18, 2024) (*available at* https://www.icao.int/news/international-air-travel-liability-limits-set-increase-enhancing-customer-compensation-0) (*last accessed* November 23, 2026). "The Montreal Convention's international baggage liability limit is reviewed for inflationary adjustment every five years by the International Civil Aviation Organization (ICAO)," and is "currently **1,519 Special Drawing Rights** (approximately $2,175.00 US) per passenger." U.S. Dep't of Transportation, "Lost, Delayed, or Damaged Baggage," (Oct. 29, 2025) (emphasis in original) (*available at* https://www.transportation.gov/lost-delayed-or-damaged-baggage) (*last accessed* November 23, 2026).

Thus, even taking Firsov's allegations as true, he is allegedly missing "luxury items"

[1] This does not count the half-dozen or so cases that Firsov has filed, either on behalf of himself or his child or spouse, against other entities.

(primarily cosmetics) from a bag that was small enough that he could have carried it on the flight; at most under the Montreal Convention, Firsov could recover the approximately $2,175 noted above. Instead, Firsov filed a 20-page complaint alleging five causes of action, seeking damages that are incompatible with the Montreal Convention and the facts as alleged – "compensatory damages for the value of lost personal property and for damages occasioned by delay, emotional distress damages in an amount exceeding $75,000, [and] punitive damages in an amount exceeding $75,000." ECF No. 1 at 28 ¶ 7. Accordingly, the Court DENIES Firsov permission to file the Proposed Action.

## II. CONCLUSION

The Court DENIES Firsov permission to file the Proposed Action. The Clerk of Court shall return the complaint to Mr. Firsov without filing it, along with a copy of this Order, and shall close this miscellaneous action.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Noël Wise
United States District Judge